# EXHIBIT 4



1600 Wilson Boulevard
Suite 700
Arlington, VA
703.243.9423
www.consovoymccarthy.com

November 13, 2025

Via Federal Express and Electronic Mail

Chad Golder
General Counsel
American Hospital Association
2 City Center, Suite 400
800 10th Street, NW
Washington, DC 20001
cgolder@aha.org

Re:  ***Request to acknowledge PRA's right to disclose the* Official UB-04 Data Specifications Manual, 2026 Edition**

Dear Mr. Golder:

I write on behalf of PatientRightsAdvocate.org (PRA), a nonprofit organization dedicated to promoting healthcare price transparency.  In line with its mission, PRA has purchased access to the *Official UB-04 Data Specifications Manual, 2026 Edition* (*Manual*), and plans to make the *Manual* freely available online to the public at large.  On behalf of PRA, I hereby request that the American Hospital Association (AHA) confirm that it will take no legal action against PRA for doing so.

The Federal Government and at least 30 States require hospitals by law to use the *Manual* to obtain reimbursement for healthcare treatments.  *See, e.g.*, 42 CFR §§136.504, 410.172, 410.173, 424.32.  Indeed, at least six States have expressly incorporated the *Manual* into regulations carrying the force of law.[1] This widespread and mandatory use of the *Manual* makes access to it essential for patients, plan sponsors, and auditors to understand hospital billing.  Open

---

[1] *See* 7 Alaska Admin. Code §§27.660, 150.250; Fla. Admin. Code §§69L-7.100, 69L-7.501, 69L-8.072, 69L-8.074; Mich Admin. Code §§418.10107, 418.10921, 418.10925; Minn. Admin. Code §5221.0405; N.H. Admin. Code Ins. §4202.03; N.H. Admin. Code. He-C §1503.03; Or. Admin. Code §436-009-0004.

access to the *Manual* is also necessary for the public at large to know and understand the laws which incorporate the *Manual*.

Despite the public's urgent need to access the *Manual*, AHA has cut off access to all individuals and institutions unwilling to pay hundreds or thousands of dollars for the privilege. The copyright notice AHA has included within the *Manual* would prevent even nonprofit organizations like PRA from sharing the *Manual*'s contents for educational, research, and informational purposes. This position is contrary to law.

To begin with, the *Manual* is not a copyrightable work because it has been incorporated by reference into legally binding regulations. "[N]o one can own the law." *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255, 265 (2020). Whatever is produced by "officials … generally empowered to make and interpret law … must be 'free for publication to all.'" *Id.* at 266. "And all material that has been validly incorporated by reference carries the force of law and is treated as having been published" by the issuing agency. *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.* (*ASTM II*), 82 F.4th 1262, 1269 (D.C. Cir. 2023); *see also Canadian Standards Ass'n v. P.S. Knight Co., Ltd.*, 112 F.4th 298, 305 (5th Cir. 2024) (material "adopted by reference into law by a governmental entity" is "not protected under the Copyright Act"). AHA therefore cannot claim the *Manual* as its intellectual property. Indeed, any other conclusion would raise "a serious constitutional concern" under the First Amendment and the Due Process Clause of the Fifth Amendment. *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.* (*ASTM I*), 896 F.3d 437, 446–47 (D.C. Cir. 2018); *id.* at 459 (Katsas, J., concurring).

At minimum, the fair use doctrine permits PRA to make the *Manual* available to the general public. The Copyright Act enumerates four factors to consider to determine whether the use of a copyrighted work is fair: (1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion of the work used, and (4) the effect of the use upon the potential market for the copyrighted work. 17 U.S.C. §107. As the D.C. Circuit has recognized, these factors establish that "the non-commercial dissemination" of "technical standards for an industry," "as incorporated by reference into law, constitutes fair use." *ASTM II*, 82 F.4th at 1265.

*First*, rather than seek a profit or to duplicate the *Manual*'s purpose of standardizing billing practices, PRA intends "to provide the public with a free and comprehensive repository of the law." *Id.* at 1267–68. This aim "tips the scales in favor of fair use." *Id.* at 1267 (quoting *Google v. Oracle Am.*, 593 U.S. 1, 32 (2021)). *Second*, the nature of the work "weighs heavily in favor of fair use," because standards "incorporated into law" lie "at best, at the outer edge of copyright's protective purposes." *Id.* at 1268. *Third*, the disclosure of the entire

*Manual* is "reasonable in relation to the purpose of the copying," because PRA seeks to make public only those "standards that government agencies have incorporated into law—no more and no less." *Id.* at 1269. *Finally*, any monetary losses that AHA might conceivably incur cannot outweigh "the substantial public benefits of free and easy access to the law." *Id.* at 1271. Even if the *Manual* were a copyrightable work, it would be fair use for PRA to disclose it to the public.

Accordingly, I request on behalf of PRA that AHA confirm **by December 15, 2025** that it will take no legal action against PRA for making the *Manual* publicly available online. If AHA fails to do so, PRA will consider litigation to confirm PRA's legal rights regarding this matter. I look forward to hearing from you.

Sincerely,

*/s/ Jeffrey Harris*
Jeffrey Harris