IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HOSPITAL ASSOCIATION and HEALTH FORUM LLC,<br>*Plaintiffs*,<br>v.<br>PATIENTRIGHTSADVOCATE.ORG, INC.<br>*Defendant*. | Case No. 1:25-cv-15137<br>Judge Pacold |

**AGREED MOTION TO EXTEND DEADLINE TO FILE ANSWER
AND TO EXPAND PAGE LIMIT**

In accordance with Federal Rule of Civil Procedure 6(b) and Local Rule 7.1, Defendant PatientRightsAdvocate.Org respectfully requests a 36-day extension of time to file an answer or motion to dismiss to February 13, 2026. PRA further requests an expansion of the page limit for its brief in support of a motion to dismiss and Plaintiffs' response to 30 pages. Plaintiff does not oppose either request.

1. This is PRA's first request for an extension of time.

2. Plaintiffs effected service on December 18, 2025. Doc.18. PRA's answer or motion to dismiss is currently due on January 8, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i).

3. PRA plans to respond to the complaint with a motion to dismiss.

4. Good cause exists to extend the deadline. PRA was served shortly before the Christmas and New Year's holidays. And lead counsel has impending deadlines in multiple other cases between now and the current due date:

   a. An opening brief due on January 2, 2026, in *Benjamin v. Oliver*, No. 25-14263 (11th Cir.); and

   b. An opening brief due on January 7, 2026, in *City of Chester v. Chester Water Authority*, No. 25-2783 (3d Cir.).

1

5. The parties' initial joint status report is due on February 6, 2026. Doc.14.

6. The parties agree that unnecessary confusion might arise in preparing the joint status report if the report is due at the same time as or shortly after PRA's motion to dismiss. PRA therefore requests a 36-day extension to February 13, 2026.

7. This Court's default page limit for a brief in support of a motion to dismiss is 15 pages. LR 15.1. The same limit applies to briefs in opposition. *Id.* A party may file a longer brief with "prior approval of the court." *Id.*

8. This case concerns the *Official UB-04 Data Specifications Manual*. The *Manual* defines codes that are used in institutional healthcare billing by nearly all healthcare payers, including private insurers, Medicare, and state governments. Compl., Doc.1, ¶¶26, 40, 42. To promote transparency in the healthcare system, PRA, a nonprofit organization, is seeking to make the *Manual* publicly available. Doc.1-4 at 1.

9. Plaintiff American Hospital Association claims to hold a valid copyright in the *Manual*. It alleges that any disclosure of the *Manual* amounts to copyright infringement. ¶¶66-81. It further alleges that PRA purchased the 2026 edition of the *Manual*, and thereby agreed not to disclose it or to challenge AHA's copyright in it. ¶¶82-110.

10. PRA intends to argue that AHA has no valid copyright in the *Manual* because the *Manual* has been incorporated into federal and state law, and "no one can own the law." *Georgia v. Public.Resource.Org*, 590 U.S. 255, 265 (2020); *see* Doc.1-4 at 2. PRA will also argue, among other points, that disclosure of the *Manual* is fair use. Doc.1-4 at 2-3. And PRA will contend that any agreement to keep the *Manual* confidential or not to contest AHA's asserted copyright is void. *Cf. Lear, Inc. v. Adkins*, 395 U.S. 653, 668-74 (1969) (holding that agreements not to contest the validity of a patent are void).

2

11. Good cause exists to increase the page limit. The issues presented by this case are novel and important. Courts that have grappled with whether to extend copyright protection to standards incorporated by reference into law have recognized that the issue implicates weighty questions about the fundamental purposes of copyright law. *See, e.g.*, *ASTM v. Public.Resource.Org, Inc.*, 82 F.4th 1262 (D.C. Cir. 2023); *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791 (5th Cir. 2002) (en banc); *BOCA v. Code Tech., Inc.*, 628 F.2d 730 (1st Cir. 1980). And whether copyright protection can extend to materials incorporated by reference into law presents a "serious constitutional" question under the First Amendment and Due Process Clause. *ASTM v. Public.Resource.Org*, 896 F.3d 437, 447 (D.C. Cir. 2018); *accord id.* at 458 (Katsas, J., concurring). The Seventh Circuit has never directly addressed the copyright status of materials incorporated by reference into law, so this Court will have to tackle this important issue as one of first impression.

12. Plaintiffs' contract claims also raise novel questions. Under Seventh Circuit precedent, the validity of a contract clause not to contest an asserted copyright requires "a balancing of the pros and cons of the clause in each case." *Saturday Evening Post Co. v. Rumbleseat Press*, 816 F.2d 1191, 1200 (7th Cir. 1987). As far as we are aware, no court has ever conducted that balancing in a case where a copyright is asserted to be invalid, or disclosure is asserted to be fair use, because the material in question has been incorporated into law.

13. Finally, an extended page limit would ensure that the parties have ample space to provide the Court with relevant regulatory background. The federal regulations governing electronic medical billing, 45 C.F.R. pt. 162, are extremely complex, and the parties dispute how to characterize them properly. PRA maintains that federal (and state) law incorporates the *Manual*, giving it the force of law. Doc.1-4 at 1-2. Plaintiffs reject this assertion. Compl. ¶62. The Court would benefit from allowing the parties to fully air out their understandings of the *Manual*'s relationship to the complex federal and state regulatory framework.

14. Plaintiffs do not oppose these requests with respect to either the deadline expansion or page-limit expansion.

## CONCLUSION

For the reasons set forth above, PRA respectfully requests that the time for filing an answer or motion to dismiss be extended 36 days to February 13, 2026. PRA further requests that the page limit for its brief in support of a motion to dismiss, and for Plaintiffs' response, be expanded to 30 pages.

Dated: January 2, 2026    Respectfully submitted,

/s/ *Jeffrey M. Harris*
Jeffrey M. Harris*
Ryan M. Proctor**
Matthew R. Pociask
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
ryan@consovoymccarthy.com
matt@consovoymccarthy.com

*Admitted *pro hac vice*
**Pro hac vice* application pending

*Counsel for Defendant*